UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  19-CR-00166 (DLF)** |
| | : | |
| v. | : | |
| | : | |
| **MARCEL VINES,** | : | |
| **MALIQUE LEWIS, and** | : | |
| **ASHTON BRISCOE,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S MOTION FOR EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court to exclude 120 days from the calculation of time before which this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 United States Code, §3161.  Government counsel has discussed this motion with defense counsel, who are taking the matter under advisement.  As grounds for this motion, the Government states as follows:

I.  *Factual Background of the Investigation*

This case concerns the brutal murders of two individuals on December 28, 2017.  For a general summary of the case, the government would refer to the factual proffer in its detention memoranda at ECF Nos. 12, 13, and 14 (the factual proffer section is the same in each).

The government expects that it may seek at least one superseding indictment as to the current defendants.  Likely additional charges as to that superseding indictment would be based on the same general events, and potentially include conspiracy and additional D.C. Code offenses.

## II. Discovery and Other Complex Issues

The evidence supporting the indictment was developed and gathered through various means. That evidence includes medical examiner evidence, body worn camera footage, fingerprints, cell tower data, and ballistics evidence and firearms analysis. It is anticipated that the defense may wish to engage their own experts in reviewing and analyzing at least some of this discovery. All of this will require additional time for defense counsel in order to review and prepare the case.

Although a good amount of discovery was previously provided to the defendants when they were in Superior Court, the government anticipates providing it directly to the defense attorneys in this matter. The government expects that some of this material will require the fashioning of protective orders with defense counsel. The government expects to begin providing discovery in the coming 7-12 days. (The lead prosecutor on this matter, who is most familiar with the investigation, has been in a homicide trial this past week, and that trial continues into next week). Finally, because the conduct of the defendants resulted in the death of the two victims in this case as charged in Counts I and II, the government anticipates that additional time will be needed to complete the death penalty evaluation process and to allow for additional preparation time.

## III. Argument

Given the voluminous discovery material, the likely need for the defense to consult with their own experts, the overall complexity of a case involving the murder of two victims, and the time that will be required for the death penalty evaluation process, there is substantial justification for at least a 120-day exclusion from the statutory period in which this case must be tried under the Speedy Trial Act.

Section 3161(h)(7)(A) of the Speedy Trial Act allows the court to exclude a period of delay if the Court finds "that the ends of justice are served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(7)(B) sets forth the factors the court shall consider when determining whether to exclude time pursuant to Section 3161(h)(7)(A).

Where the court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the court may exclude such time as necessary to serve the ends of justice. *See* 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii). The Court has broad discretion to grant an exclusion of time when, in its view, the case's complexity requires that counsel have additional time to prepare in order to ensure a fair trial. *See United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985) ("The Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation.").

In addition, Section 3161(h)(7)(B)(iv) provides that the Court can extend computation under the Speedy Trial Act for "a case which, taken as a whole, is not so unusual or so complex" but the failure to extend time would deny defense counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See United States v. Shaw*, 510 F. Supp. 2d 148, 152 (D.D.C. 2007) (recognizing the need to review evidence and permit defense counsel sufficient time to prepare and file desired motions served the "ends of justice" and noting that, "[e]ven if this case were not complex or unusual, the Court can consider whether failure to grant a continuance 'would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for

the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.' § 3161(h)(8)(B)(iv)."). Additionally, courts have excluded time where additional time is needed for the government to complete the death penalty evaluation process. *See, e.g.*, *United States v. Murillo*, 288 F.3d 1126, 1132, 1132-34 (9th Cir. 2002) (ends of justice served where statute under which prosecution was proceeding authorized the death penalty and local United States Attorney was required to clear death penalty issues with the United States Department of Justice and noting that "in a capital murder case, a defense counsel who lets a case speed to trial without such [vigorously filed] motions and investigations would invite post-conviction relief for failing to provide an adequate defense"); *see also United States v. Mathis*, 96 F.3d 1577, 1581 (11th Cir. 1996) (discussing case in which trial court also accounted for time needed for death penalty process).

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests that this Court enter an Order excluding from computation under the Speedy Trial Act a period of 120 days, commencing upon signing the Order to that effect.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

_____/s/_____
STEPHEN J. GRIPKEY
Assistant United States Attorney
D.C. Bar No. 445410
555 4th Street, NW, Room 4217
Washington, DC 20530
(202) 252-7237; fax: 202-616-2296
Stephen.Gripkey@usdoj.gov